In the Matter of the Application of JOSEPH M. KLEIN for the Dissolution of DENS CO., INC.

Supreme Court, Queens County, October 31, 1930.

*Nordlinger & Riegelman* [*H. H. Nordlinger* and *Samuel H. Hofstadter* of counsel], for Joseph M. Klein and for the witnesses.

*A. M. Dreyer*, for the receiver.

JOHNSTON, J. On June 25, 1928, the Dens Co., Inc., was dissolved and Sidney F. Strongin was appointed permanent receiver. On or about September 26, 1930, subpœnas were issued by the attorney for the receiver and attested by a justice of this court, and served upon Josephine M. Schulein and George L. Adams. The subpœnas commanded both witnesses to appear before the receiver at his office to testify and give evidence in this proceeding. The witnesses now move to vacate and set aside the subpœnas upon the ground that they were issued without authority. Section 169 of the General Corporation Law (as revised by Laws of 1929, chap. 650) provides that permanent receivers shall have power " to examine on oath, to be administered by one of the receivers, any person touching any matter pertaining to or affecting the receivership." Section 170 (as revised by Laws of 1929, chap. 650) provides that whenever a receiver by verified petition shall show to the Supreme Court that he has good reason to believe any person can testify concerning any property of the corporation, the court shall make an order requiring such person to appear before the court or referee and submit to an examination. It is admitted the subpœnas in question were not issued under the provisions of section 170 but pursuant to section 169. I know of no case and none has been called to my attention where the right of a receiver to issue a subpœna under section 169 has been considered. It is true that although this section authorizes a receiver to examine a person under oath, there is no express authority given him to subpœna witnesses. It is contended that this section must be read in connection with section 406 of the Civil Practice Act, which provides: " When a judge * * * or other person * * *

has been heretofore or is hereafter expressly authorized by law to hear, try or determine a matter, or to do any other act in an official capacity, in relation to which proof may be taken, or the attendance of a person as a witness may be required * * * a subpœna may be issued by and under the hand of the judge * * * or other person." This section, however, applies only where a special provision is not otherwise made for compelling the attendance of witnesses. (*Matter of City of Albany*, 113 Misc. 370, 383.) I doubt, in view of the orderly manner provided by section 170 for the attendance and examination of witnesses, that the Legislature intended to clothe all receivers with unlimited authority during the existence of the receivership to subpœna any and all persons to attend at his office and be examined about any matter pertaining to or affecting the receivership. To vest a subordinate ministerial officer of the court — often not a lawyer — with such broad power is repugnant to our system for the administration of justice. But if such were the intention of the Legislature it would have so stated in express terms. The language of Mr. Justice HOLMES in *Federal Trade Commission* v. *Am. Tobacco Co.* (264 U. S. 298), where the court considered a grant of powers to the Federal Trade Commission, is peculiarly pertinent. " Anyone who respects the spirit as well as the letter of the Fourth Amendment would be loath to believe that Congress intended to authorize one of its subordinate agencies to sweep all our traditions into the fire (*Interstate Commerce Commission* v. *Brimson*, 154 U. S. 447, 479), and to direct fishing expeditions into private papers on the possibility that they may disclose evidence of crime. We do not discuss the question whether it could do so if it tried, as nothing short of the most explicit language would induce us to attribute to Congress that intent. The interruption of business, the possible revelation of trade secrets and the expense that compliance with the Commission's wholesale demand would cause are the least considerations. It is contrary to the first principles of justice to allow a search through all the respondents' records, relevant or irrelevant, in the hope that something will turn up." But even if counsel for the receiver is correct and the subpœnas were lawfully issued under section 406 of the Civil Practice Act, they are invalid because the statute provides they must be " issued by and under the hand of the judge * * * or other person * * * requiring the person to attend." The subpœnas herein do not bear the signature of the receiver, but merely the typewritten name of the attorney for the receiver. The fact that a justice of this court has attached his initials to the subpœnas is immaterial.

Motion granted.