## NATIONAL LABOR RELATIONS BOARD v. GOODYEAR TIRE & RUBBER CO. et al.

### No. 20373.

District Court, N. D. Ohio, Eastern Division.

Nov. 27, 1940.

414

Robert B. Watts, Malcolm F. Halliday, and A. Norman Somers, all of Washington, D.C., and Drexel A. Sprecher, of Washington, D. C., for plaintiff.

Dwight Parsons, of Akron, Ohio, for defendants.

JONES, District Judge.

Upon refusal of the Goodyear Tire & Rubber Company to obey subpoenas duces tecum issued by the National Labor Relations Board, under authority of 29 U.S.C.A. § 161(1), in a hearing instituted by complaint to which the Goodyear Company had filed an answer, the Board filed an application to this court for an order requiring obedience to the subpoenas duces tecum. Section 161(2). An order to show cause was issued thereon and the Goodyear Company responded by filing an answer to the application, together with a motion to dismiss or quash proceedings in this court. The motion to dismiss, first, urged that the proceedings on the application are to be controlled by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and that unless such rules are complied with no jurisdiction over the Goodyear Company exists in this court. The second ground of the motion seems to be that the evidence subpoenaed by the Board is immaterial and irrelevant to the matters being inquired into in the hearing before the Board, it being further contended that the Board has the burden of showing not only relevancy and materiality of the evidence, but reasonable grounds for believing that relevant evidence to support the Board's charges against Goodyear Company will be found in the documentary evidence subpoenaed.

I find nothing in the statute under which the proceedings are here, or in the Rules of Civil Procedure, which supports the contention that the proceedings here are to be controlled by the Federal Rules of Civil Procedure. By Section 161 of Title 29, 29 U.S.C.A. § 161, the Board is given wide power to subpoena witnesses and for the production of evidence. Further, it is provided that the Board may make application to the District Court, which is given jurisdiction to issue an order of compliance upon refusal to obey the Board's subpoena. Clearly the Congress never intended to permit the controversy over reception of evidence to be removed or trans-

ferred to the District Court as an original suit merely upon the application of the Board for an order requiring compliance with its subpoena. But that would be the effect of such ruling as is contended for by the Goodyear Company.

The Board has been given power to issue subpoenas, conduct hearings, and to make findings and orders, but was given no power to enforce or execute its orders except through the courts, and it was to obtain an executing arm for the enforcement of its subpoenas that I think the application to the court by the Board was provided. The filing of an application by the Board for an enforcing order constitutes neither a review of the Board's action nor an independent suit to test the propriety of the Board's subpoenas. In my opinion, the section of the statute under consideration provides a summary and special statutory jurisdiction conferred by Congress which is not to be enlarged merely because the procedure and limits of the power were not prescribed with more particularity.

It is my considered judgment that the only question presented by the Board's application is whether the subpoenas were regularly issued and duly served in accordance with the Board's statutory power and that there has been a refusal to obey. This view, it seems to me, is adequately supported by the fact that the Congress has provided, first, that court rules of evidence are inapplicable to or not controlling in hearings before the Board, Title 29, Sec. 160(b), 29 U.S.C.A. § 160(b); second, that the only review of the Board's orders is by petition to the Circuit Court of Appeals, Title 29, Sec. 160(e) and (f); third, that the District Court is given the limited jurisdiction to issue an order requiring appearance and production, Title 29, Sec. 161(2). Any other conclusion would require the adoption of a procedure for which the Congress has made no provision, and, as I think, it did not intend to make.

While the Board denies that the Rules of Civil Procedure are applicable to this proceeding, and denies that the requirements for, and extent of, the jurisdiction of this Court are as asserted by the respondent, yet it does not seem to take issue on the question of the power of this court, arising out of the jurisdiction conferred, to determine the relevancy and materiality of the evidential data sought to be produced by its subpoena. But upon careful consideration of the declared policy and purpose, and the language of the Act, I can find no satisfactory basis for concluding that the Congress intended more than I have stated above. The Board is given the power to subpoena any person to produce any evidence relating to the matter under investigation or in question; the Court is given jurisdiction, upon application by the Board, to issue an order requiring obedience to its subpoena calling for the production of evidence touching the matter under investigation or in question. I can neither construe into nor construct out of this provision a right in the respondent to a review and judicial determination of·the Board's original statutory discretion and of the relevancy or materiality of the evidence sought by the subpoenas duces tecum; and this is fortified by Sec. 160(b), earlier adverted to, providing that, "In any such proceeding the rules of evidence prevailing in courts of law or equity shall not be controlling."

I do not think that jurisdiction to determine the relevancy of evidence sought by the Board is implicit in a grant of jurisdiction to issue an order requiring obedience to the Board's subpoena to produce evidence touching the matter under investigation or in question. "Relating to", or "touching", the matter, are not words which are synonymous with "relevant" and "material", nor do they have such legal significance as these latter words. Nor do I think that there is any analogy between the statute construed in the case of Federal Trade Commission v. American Tobacco Company, 264 U.S. 298, 44 S.Ct. 336, 68 L. Ed. 696, 32 A.L.R. 786, and the statute under consideration here. The language of the two is quite different and it must be conceded that the Congress steadily has moved toward denial and limitation of jurisdiction in the courts where labor relations are involved.

After reaching the foregoing conclusion, it occurred to the Court that there might be an appeal and further delay if it were found on review that this Court is required to determine the relevancy and materiality of the evidence sought by the subpoenas. Consequently, I have considered that question and conclude that the evidence sought to be produced by the subpoenas touches the matter under investigation before the Board. The subpoenas duces tecum are specific as to documentary

evidence sought and as to the period covered by the complaint. Based upon the matter which is the subject of the hearing, the evidence would seem clearly to relate to and touch upon such matter.

Motion to dismiss or quash overruled and an order of enforcement of the Board's order may be presented.