**WALLING, Administrator of Wage and Hour Division, United States Department of Labor, v. AMERICAN ROLBAL CORPORATION.**

No. 190.

Circuit Court of Appeals, Second Circuit.

May 6, 1943.

1004

Gustave B. Garfield, of New York City, for appellant.

Irving J. Levy, Acting Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., Arthur E. Reyman, Regional Atty., .of New York City, and Morton Liftin and Morton H. Rowen, Attys., U. S. Department of Labor, both of Washington, D. C., for administrator.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

·The appellant is a corporation· engaged in the manufacture of ball and roller pre- cision bearings and is admittedly subject to the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

Some time early in November of 1941 a representative of the Wages and Hours Division of the United States Department of Labor visited appellant's plant and requested permission to inspect its records. This permission was refused. Thereafter, in the same month, an examination was made pursuant to a subpoena duces tecum issued by the administrator and appellant was informed that there appeared to have been certain violations in connection with the overtime and record-keeping provisions of the Fair Labor Standards Act. It was asked to correct these, but did not do so at least to the satisfaction of the administrator and a request for the production of records for a more complete examination was made. This was refused and on August 8, 1942, the administrator issued another subpoena duces tecum which called for the production of books, papers and documents from December 1, 1941 to date, a period not covered by the first subpoena. More specifically the subpoena required the appellant to produce the time cards and records of all employees, the names and addresses of these employees, pay roll records, the production and cost account records of the corporation, and the accounts payable records, including the gross sales records. On the failure of the appellant to produce in accordance with the subpoena the administrator, pursuant to § 9 of the Fair Labor Standards Act, 29 U.S.C.A. § 209, and §§ 9 and 10 of the Federal Trade Commission Act, as amended, 15 U.S.C.A. §§ 49, 50, petitioned the District Court for an order compelling compliance.

In this petition there was an allegation that §§ 7(a) (1) (2) and (3) of the Fair Labor Standards Act relating to hours of work and overtime pay, and 15(a) (1) (2) and (5), relating to the prohibition of the transportation in interstate commerce of any goods produced in violation of the provisions of §§ 6, 7 or 11(c) covering the keeping of records, had, with the regulations issued pursuant thereto, been violated. Appellant denied this allegation in its answer. The parties were heard on the pleadings and the affidavits submitted. The District Court then ordered the production .of the records described in the subpoena and this appeal ·followed. The appellant now concedes that it was lawfully required to produce ·the time cards, the payroll records and the names and addresses of all the em-

ployees in the plant. It does contend, however, that the order was erroneous in requiring the production of all accounts payable records, including gross sales records from December 1, 1941, to the date of the subpoena.

■ It is true, of course, that the data sought by subpoena duces tecum must be relevant to the inquiry at hand and that the use of this power must at all times be closely confined to "the rudimentary principles of justice." Federal Trade Comm. v. American Tobacco Co., 264 U.S. 298, 307, 44 S.Ct. 336, 338, 68 L.Ed. 696, 32 A.L.R. 786.

■ Under § 11 (a) of the Act the administrator has two duties to perform. One is the investigation and the gathering of data "regarding the wages, hours, and other conditions and practices of employment in any industry subject to this Act." That is for general use whether or not the Act has been violated and no doubt the investigation must be confined to the subject matter named in the statute. The second is the investigation of "such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of this Act." See In re Standard Dredging Corp., D.C., 44 F.Supp. 601. In the performance of this second duty the administrator, or his designated representatives, "may enter and inspect such places and such records (and make such transcriptions thereof)" as he deems necessary or appropriate in the investigation of violations of the Act. That gives the administrator an initial discretion in the issuance of subpoena duces tecum which if used soundly and impartially for the statutory purpose will be upheld by the courts. And a subpoena so issued will be enforced. Endicott Johnson Corp. et al. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. ——.

■ In this instance the petition alleges violations of the Act which it is clearly the duty of the administrator to investigate. It may be that the refused records will not bear directly upon that subject but we cannot say they won't or that they won't supply needed information for use in checking other facts and records. As the administrator has not been shown to have abused his discretion in the selection of the records to be inspected we agree that the order below was without error.

One thing more should, however, be noticed. Requiring records to be produced away from the place where they are ordinarily kept may impose an unreasonable and unnecessary hardship which in itself would make the issuance of the subpoena, otherwise proper, arbitrary and capricious. The district judge suggested in his opinion "that the investigation be carried on at the premises of the respondent and so conducted as not to interfere unduly with the course of its business." The order is affirmed but our mandate will go down without prejudice to the amendment of the order to make the above suggestion a part of it if the District Court so decides after due consideration.

Order affirmed as above.