BOWLES, Adm'r, Office of Price Administration, v. CHEROKEE TEXTILE MILLS et al.

Civil Action No. 673.

District Court, E. D. Tennessee

June 21, 1945.

Allen T. Guild, Thomas P. Gore, and John M. Cate, all of Nashville, Tenn., for plaintiff.

Charles H. Smith, of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

This action is brought to enforce compliance with a ·subpoena duces tecum issued out of the Office of Price Administration for the production of certain documents, records, papers, etc., by the defendants.

The subpoena was regularly issued and served, and has not been complied with.

■■ The Price Administrator is making a survey under the Bankhead Act, 7 U.S.C.A. § 724, to enable him to make or establish a maximum price for major cotton products at a level which will reflect the parity price of cotton plus an equitable allowance for conversion and profits for the cotton goods industry. He takes the position that once he has determined administratively that the matter called for in the subpoena is material to the subject under consideration, and has caused the subpoena to issue, that the court has power to enforce compliance, but has no jurisdiction to review the soundness of the administrative determination of materiality. In other words, that his broad powers to investigate, looking to the fixing of prices, gives him also the exclusive right to determine finally whether the contents of the record, paper or document called for is material; that the statute so provides.

I think that Congress did not so intend, for if such determination is not subject to judicial review the statute would so ignore Constitutional safeguards as to render the provision invalid. It is argued that the language of sec. 202(a) of the Emergency Price Control Act of 1942, as amended, leaves no doubt of the Congressional intent to vest in the administrator the exclusive right to determine the question of materiality or evidential value. The statute provides, sec. 202(a), 50 U.S.C.A.Appendix § 922(a): "The Administrator is authorized to make such studies and investigations, to conduct such hearings, and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act, or in the administration and enforcement of this Act and regulations, orders, and price schedules thereunder. * * *"

It is my opinion, after considering the cases cited by counsel which bear upon the question, that it was squarely before the Circuit Court of Appeals for the Sixth Circuit in Goodyear Tire & Rubber Co. v. National Labor Relations Board, 122 F.2d 450, at page 453, 136 A.L.R. 883, in which the court said, in part: "The statute does not require the District Court to issue the order, but simply gives it jurisdiction to issue. The enforcement of the subpoena is thus confided to the discretion of the District Court, which is to be judicially exercised. We think that the review in this case extends no further than the determination as to whether or· not there was an abuse of its discretion. Applying this rule, we think that it was open to the company to contend that the documents called for do not relate to the particular matter in question; that this contention made in the answer raises an issue of fact for determination by the court, and if determined in its favor, that the application of the Board as to documents found not so to relate should be dismissed upon the merits."

It is true that the statute here involved uses language broad enough to authorize the court to compel production of documents, etc., whether of evidential value or not, but I cannot assume, as said in the American Tobacco Company case (Federal Trade Commission v. American Tobacco Co.), 264 U.S. 298 at page 305, 44 S.Ct. 336, 337, 68 L.Ed. 696, 32 A.L.R. 786, "that Congress intended to authorize one of its subordinate agencies to sweep all our traditions into the fire (Interstate Commerce Commission v. Brimson, 154 U. S. 447, 479, 14 S.Ct. 1125, 38 L.Ed. 1047), and to direct fishing expeditions into private papers on the possibility that they may disclose evidence of crime. We do not discuss the question whether it could do so if it tried, as nothing short of the most explicit language would induce us to attribute to Congress that intent."

■ Before the courts are permitted to strike down enactments of the Congress upon the idea that the Congress intended to compel a citizen to do that which the Constitution says he may not be required to do, the language used in the statute must be so clear and specific as to permit no other reasonable construction consistent with organic law. I believe the language here used may be reasonably construed to relate to documents and to testimony with respect

586

to matters material to a determination of the question under investigation, that is, the price at which a certain commodity shall be sold. My conclusion is that the court has jurisdiction to determine the question whether the matter called for in the subpoena is material to the determination the administrator is authorized to make, but before the aid sought by the administrator will be granted, it must appear from evidence that the papers, documents or evidence which are sought are material to a determination of the matter under investigation.

I think this action will dispose of the motion to strike portions of the answer, since the narrow question is whether the administrator is given sole authority to determine relevancy and materiality. I do not think the Congress so intended.

An order may be prepared for approval and entry denying the relief sought until it shall appear from evidence that the court, in the exercise of sound judicial discretion, should require the production of the evidence sought, because the same is material to the determination the administrator is authorized to make.