**Ray MARSHALL, Secretary of Labor, United States Department of Labor**

v.

**AMERICAN OLEAN TITLE CO., INC.**

**Miscellaneous No. 79–597.**

United States District Court, E. D. Pennsylvania.

Feb. 29, 1980.

Michael S. Berger, Philadelphia, Pa., for plaintiff.

Anthony A. DeSabato, Philadelphia, Pa., for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

In this enforcement proceeding, the Occupational Safety and Health Administration (OSHA) seeks an order compelling the American Olean Tile Company to produce records in the company's possession. The records requested may reveal the degree of exposure of employees to lead and silica, two potentially hazardous substances the company uses to manufacture ceramic tile. The company furnished OSHA with a portion of the documents, but refused to supply the remainder on the grounds that the subpoena infringed upon the company's Fourth and Fifth Amendment rights, that the subpoena was not authorized by § 8(b) of the Occupational Safety and Health Act, 29 U.S.C. § 657(b), and that the request was unduly burdensome and oppressive. OSHA disputes these contentions, asserting that the subpoena was proper in its entirety because all the information sought was relevant to a lawful investigation.

■ The Fourth Amendment prohibition against unreasonable searches and seizures limits the permissible scope of an administrative subpoena.[1] Before enforcing a subpoena, a court must determine that "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 369, 94 L.Ed. 401 (1950). The district court must order the production of any evidence not "plainly incompetent or irrelevant to any lawful purpose." *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509, 63 S.Ct. 339, 343, 87 L.Ed. 424 (1943). *See also, Federal Trade Commission v. Texaco*, 555 F.2d 862 (D.C.Cir.), cert. denied, 431 U.S. 974, 97 S.Ct. 2940, 53 L.Ed.2d 1072 (1977); *United States v. McGee Industries*, 439 F.Supp. 296, 298 (E.D.Pa.1977), aff'd, 568 F.2d 771 (3d Cir. 1978). To be sure, a search through all records, relevant or irrelevant, would clearly violate the Fourth Amendment. *Federal Trade Commission v. American Tobacco Co.*, 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696 (1924). The Fourth Amendment, however, "at the most guards against abuse only by

---

1. Since the company bases its Fifth Amendment claim on the same arguments as its Fourth Amendment claim, we treat them together.

way of too much indefiniteness or breadth in the things required to be 'particularly described,' if also the inquiry is one the demanding agency is authorized to make and the materials specified are relevant." *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 208, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1946). "The gist of the protection is in the requirement . . . that the disclosure sought shall not be unreasonable." *Id.* *See also, United States v. Jay Freeman Co.,* 473 F.Supp. 1265 (E.D.Ark.1979).

█ We first examine the wide authority delegated to the Secretary of Labor under the Occupational Safety and Health Act. The Secretary is empowered to enforce the Act by issuing citations when he believes a violation has occurred. § 9, 29 U.S.C. § 658. He is also authorized to promulgate occupational safety and health standards. 29 U.S.C. § 655. Thus, the Secretary performs both enforcement and legislative functions. This combination of functions was carefully considered by Congress and finalized only after considerable debate. *See, e. g.,* 1970 U.S.Code Cong. and Administrative News at 5229. The Secretary is also authorized to require an employer to keep records appropriate for enforcement or for development of information regarding the causes and prevention of occupational accidents and illnesses. 29 U.S.C. § 657(c). Finally, the Secretary may conduct inspections and investigations and require the attendance of witnesses and the production of evidence under oath. This subpoena power is at issue here.

The varied responsibilities delegated to the Secretary define the breadth of his subpoena power. In 29 U.S.C. § 657(a)(1) Congress authorized inspections and investiga-

tions "in order to carry out the purposes of this chapter." The statute supplements this authority by stating that "[i]n making his inspections and investigations under this chapter the Secretary may require the attendance and testimony of witnesses and the production of evidence under oath." 29 U.S.C. § 657(b). Therefore the scope of the subpoena power is based upon the investigations which in turn depend upon "the purposes of this chapter".

Much of defendant's argument is based upon the supposition that investigations may only be conducted for enforcement purposes, i. e., to issue citations. Under this view, since citations may only be issued within six months following the occurrence of the violation, 29 U.S.C. § 658(c), the subpoenaed material antedating this six month period is irrelevant. But as noted above, the Secretary performs legislative as well as enforcement functions. He needs information to develop standards as well as to enforce compliance with those standards. Although he may obtain that information through recordkeeping requirements or investigations by the National Institute of Occupational Safety and Health (NIOSH), inspections and evidence subpoenaed may also provide useful data. Because the remedial purposes of the Act may be furthered by inspections and subpoenas designed to explore the causes and prevention of occupational illnesses, we decline to find that the authorization of inspections "to carry out the purposes of this chapter" extends only to enforcement. If the information requested is relevant to any of the Secretary's functions and its production is not unduly burdensome, the subpoena should be enforced.[2]

2. This Act also grants authority to the Secretary of Health, Education and Welfare or his delegee, the Director of NIOSH, to conduct research and require employers to keep records. 29 U.S.C. § 669. The statute provides that "The Secretary of Health, Education, and Welfare is authorized to make inspections and question employers and employees as provided in section 657 of this title in order to carry out his functions and responsibilities under this section." 29 U.S.C. § 669(b). In enforcing a subpoena issued by NIOSH, one court noted:

"A subpoena duces tecum is not intended solely for enforcement purposes. It also may serve to provide statistical data which are needed for government reports, rule-making and legislating." *General Motors Corp. v. Director of Nat. Institute of Occupational Safety and Health,* 459 F.Supp. 235, 238 (S.D.Ohio 1978) (citation omitted). *See also, E. I. duPont de Nemours and Co. v. Finklea,* 442 F.Supp. 821 (S.D.W.Va. 1977). Since the Secretary of Labor has ultimate responsibility for rule making under the Act, his authority under § 657 should be at

The records under subpoena fall into the following four categories: environmental monitoring data reflecting air contamination of the environment and potentially revealing the source of a lead or silica hazard, personal monitoring data reflecting individual exposure to air contaminants, biological monitoring data reflecting individual biological impact from exposure to air contaminants and medical records reflecting physical and physiological impact from exposure to air contaminants. These records are reviewed by OSHA industrial hygienists to assess the effectiveness of control measures, the impact on the health of the employees and the need for further study and medical surveillance. They seem relevant to the Secretary's function of promulgating standards and requiring controls within the capabilities of the companies yet sufficient to protect the health of the employees.[3]

The Fourth Amendment also requires that the subpoena not unduly burden the company. We think the subpoena as limited by OSHA's subsequent definition falls within proper boundaries. The request is restricted in time to 1974 forward. There is no evidence that the number of records for this period is excessive. Secondly, OSHA has confined its request for medical records to those relevant to lead and silica levels and has specified with particularity certain tests including x-rays and pulmonary function examinations. Finally, OSHA has offered to send its own employees to search through the records and, if necessary, to copy the records at OSHA expense. We find the agency request does not unduly burden the company. Accordingly, the subpoena will be enforced.

least commensurate with NIOSH's authority under that same section.

The company also argues that the statutory language granting power to compel the production of "evidence" under oath reveals an intent to limit subpoenas to enforcement. We disagree. An investigation may produce "evidence" of a hazard or the need for a new standard irrespective of a violation. Moreover, if NIOSH may compel the production of evidence, that term cannot be limited solely to evidence to be used for enforcement since NIOSH has no enforcement power.

3. We also note that Congress authorized the Secretary to require companies to keep records "for developing information regarding the causes and prevention of occupational accidents and illnesses." 29 U.S.C. § 657(c)(1). Congress thus recognized the importance of company records in providing information to the Secretary for purposes other than enforcement. The records are no less relevant because the company has kept them voluntarily rather than under compulsion.