UNITED STATES of America

v.

McDONALD CHEVROLET AND OLDS-
MOBILE, INC., a corporation.

Civ. No. C80–85G.

United States District Court,
N. D. Georgia,
Gainesville Division.

March 30, 1981.

William L. Harper, U. S. Atty., Nina Loree Hunt, Asst. U. S. Atty., Atlanta, Ga., Griffin Doyle, Don O. Burley, Dept. of Justice, Washington, D.C., Kathleen DeMeter, Atty. National Highway Traffic Safety Administration, Washington, D.C., for plaintiff.

Robert J. Reed, Gainesville, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This action draws in issue the scope of the National Highway Traffic Safety Administration's statutory authority to compel the production of documents under the odometer requirements subchapter of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C.A. §§ 1901–1991. On February 28, 1980, the National Highway Traffic Safety Administration [NHTSA], a division of the Department of Transportation [DOT], issued a subpoena to the respondent McDonald Chevrolet & Oldsmobile, Inc., directing it to submit certain business records to the Office of Chief Counsel of the NHTSA. According to the affidavit of Theodore Bayler, Acting Director for the Office of Fuel Economy Compliance, the NHTSA has been investigating possible violations by McDonald Chevrolet of sections 1984 and 1988 of this Act since September of 1979. The NHTSA believes that the respondent is buying late model cars with high mileage and then, after rolling back the odometers, selling them at auctions to unsuspecting bidders. The documents sought related to all the vehicles McDonald Chevrolet sold at the Atlanta Auto Auction between January 1, 1979 and November 31, 1979. The NHTSA requested

(1) any and all bills of sale, for the purchase and sale of these vehicles,

(2) any and all odometer disclosure statements issued and received, and

(3) any and all other documents which indicate the mileage at the time of purchase, sale, or at any time the vehicle was in your possession.

The subpoena was signed by William H. Marsh, the Executive Secretary of the NHTSA.

The subpoena imposed a March 14, 1980 deadline. According to Mr. Bayler, on March 13, representatives of McDonald Chevrolet met with legal counsel for the NHTSA and the employees assigned to this investigation. At this meeting McDonald Chevrolet's representatives indicated that compliance with this subpoena might take as long as six months, but they refused to make any commitment on behalf of the respondent.

Dissatisfied with the outcome of this conference, the NHTSA issued a second subpoena on the following day, requesting the same information. This subpoena specified a April 1, 1980 deadline. On April 7, the NHTSA received a letter dated March 28, 1980 from the respondent's attorney flatly stating that McDonald Chevrolet "cannot comply with the requirements of the subpoena." Pursuant to 15 U.S.C.A. § 1990d(c)(4), the government petitioned the court for an order directing the respondent to comply with this subpoena.

In an order entered November 6, 1980, the court directed the respondent to appear and to show cause why this subpoena should not be enforced. Approximately three weeks later, McDonald Chevrolet responded to the government's petition and moved the court to quash the subpoena. On December 5, 1980, the court held a hearing. At the close of this hearing, the court allowed the respondent until January 5, 1981 to file a brief supporting its petition. In this brief the respondent raises five principal defenses to the government's petition. The court will consider each of these defenses in turn.

### Lack of Standing

In order of priority, the court first will address the respondent's argument that the NHTSA may not maintain this suit. It contends that the NHTSA lacks standing to bring this suit because the Secretary of the DOT, in 49 C.F.R. § 1.44(d), specifically reserved the authority to "appear before the courts." The court, however, must disagree that this regulation bars this suit. It is apparent from this provision that the Secretary merely intended to reserve his right to serve as the principal spokesperson for the agency in judicial or administrative proceedings. This reservation of authority does not preclude the NHTSA from seeking judicial enforcement of an administrative subpoena. Moreover, as the government

points out in its brief, this suit was brought by the Department of Justice on behalf of the United States. The government certainly has standing to enforce this subpoena; the respondent's argument to the contrary is frivolous. *See* 15 U.S.C.A. § 1990d(c)(1), (4). *See generally* 28 U.S.C.A. §§ 516, 519.

*Statutory Authority for the Subpoena*

The respondent raises several defenses that turn upon the construction to be given section 1990d(c)(1). For this reason, the court feels that it would be helpful to reproduce at the outset all the pertinent statutory provisions and administrative regulations.

In 1976, Congress amended the Motor Vehicle Information and Cost Savings Act with the express purpose of augmenting the Secretary's power to enforce the odometer disclosure requirements. S.Rep.No. 94–155, 94th Cong., 2d Sess. 7–9, *reprinted in* [1976] U.S.Code Cong. & Ad.News 1718, 1725. Section 1990d(c)(1) states that

> . . . [f]or the purpose of carrying out the provisions of this subchapter, the Secretary or, with the authorization of the Secretary, any officer or employee of the Department of Transportation may hold such hearings, take such testimony, sit and act at such times and places, administer such oaths, and require, by subpena [sic] or otherwise, the attendance and testimony of such witnesses and the production of such books, papers, correspondence, memorandums, contracts, agreements, or other records as the Secretary, or such officer or employee, deems advisable.

15 U.S.C.A. § 1990d(c)(1). Subsection (c)(2) of the same grants the Secretary, or his authorized agent, reasonable access to, and the right to copy, any documentary evidence "relevant to any function of the Secretary under this subchapter." *Id.* § 1990d(c)(2). This amendment also authorized, with a proper warrant, entries onto or physical inspection of an individual's property. *Id.* § 1990e.

In organizing the NHTSA, the Secretary delegated to the National Highway Traffic Safety Administrator [Administrator] the authority to "[c]arry out the functions vested in the Secretary by the Motor Vehicle Information and Cost Savings Act of 1972, as amended. . . ." 49 C.F.R. § 1.50(f) (1980). The Secretary also authorized the Administrator to subdelegate and to authorize subdelegations of this authority, "[e]xcept as otherwise specifically provided. . . ." *Id.* § 1.45(b). The Administrator, in turn, delegated to the Executive Secretary of the NHTSA the authority to issue subpoenas under the Motor Vehicle Information and Cost Savings Act. 49 C.F.R. § 501.8(c) (1980), *as amended by* 44 Fed.Reg. 76295 (Dec. 26, 1979).

The respondent contends that section 1990d(c)(1) prohibits the Secretary from delegating his authority to approve the issuance of subpoenas and that, more specifically, the subdelegation of this power to the Executive Secretary of the NHTSA infracts the enabling statute. It also argues that the Secretary or his designee may issue a subpoena only incident to the convocation of an administrative hearing, and that this subpoena must be accompanied by an administrative warrant as specified in section 1990e. The respondent further argues that, even assuming a proper delegation of authority, the Executive Secretary failed to satisfy a condition precedent to issuing this subpoena.

### (1) *Delegation of Authority to Issue Subpoenas*

Underscoring the phrase "with the authorization of the Secretary," the respondent contends that section 1990d(c)(1) prohibits an employee of the NHTSA from issuing a subpoena without the express authorization of the Secretary, or in other words, that the Secretary may not delegate his statutory responsibility to approve each subpoena. According to the respondent, the government must prove that the Secretary specifically authorized this subpoena before it may be enforced.

On its face, the respondent's argument has some merit. Section 1990d(c)(1) ex-

pressly conditions the issuance of a subpoena by anyone other than the Secretary upon "the authorization of the Secretary." There is no legislative history discrediting the respondent's proposed construction of this provision. In *United States v. Firestone Tire & Rubber Co.*, 455 F.Supp. 1072 (D.D.C.1978), the court did note that other sections of the National Traffic and Motor Vehicle Safety Act, 15 U.S.C.A. §§ 1381–1431, which contains provisions virtually identical to those in issue here, "make it clear that delegation is possible . . .," *id.* at 1081, but apparently no court has construed this particular provision.

■ The court, nonetheless, is persuaded that in enacting section 1990d(c)(1), Congress fully expected this general statutory authority to issue subpoenas to be delegated to NHTSA employees. In an age when practical necessities demand delegation, the court finds it significant that there is nothing in the way of statutory language or legislative history to support the view that the Secretary, a Cabinet-level official, was to act personally on each investigative subpoena. Indeed, what evidence of congressional intent is available suggests just the opposite. The only restriction placed on the Secretary's, or his designatee's, authority to issue a subpoena is that he or she must deem it advisable in carrying out the provisions of this subchapter. As the last sentence of section 1990d(c)(1) indicates, Congress clearly contemplated that the Secretary's delegatee would exercise this discretionary authority. The narrow construction proposed by the respondent would go a long way towards paralyzing enforcement of this law, a result contrary to the express purpose of this amendment. In summary, the court concludes that section 1990d(c)(1) authorizes the Secretary to delegate the statutory power to issue subpoenas.

Nor can the court agree with the respondent that the successive subdelegations to the Administrator and the Executive Secretary of the NHTSA of the power to issue administrative subpoenas are unlawful. In this day of mammoth government, and when important public duties are entrusted routinely to administrative agents, subdelegation has become commonplace. Indeed, subdelegation may be the mainstay of governmental operation. In the absence of any clear indication that Congress intended otherwise, or that the Secretary or the Administrator of the NHTSA intended to reserve this authority, *compare United States v. Giordano*, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), *with Federal Trade Commission v. Gibson*, 460 F.2d 605 (5th Cir. 1972) [*and*] *United States v. Marshall Durbin & Co.*, 363 F.2d 1, 6–7 (5th Cir. 1966), the court concludes that the Secretary's general delegation of this statutory authority to the Administrator to "redelegate and authorize successive redelegations of that authority" and the Administrator's delegation to the Executive Secretary of the subpoena power are consistent with the enabling Act.[1]

### (2) *Necessity of a Hearing*

The respondent also argues that section 1990d(c)(1) only authorizes the Secretary, or his delegatees, to issue subpoenas in conjunction with the scheduling of an administrative hearing. According to the respondent, the NHTSA may compel the production of documents at the individual's expense only if a hearing is held; otherwise, under subsection (c)(2), the agency must assume the expense of an on-site inspection and copying of these documents.

■ To support this argument, the respondent relies exclusively upon the language of section 1990d(c)(1). Upon reviewing this provision, the court, however, cannot agree that Congress intended to require the agency to conduct an administrative hearing every time information was sought through a subpoena. Certainly, the due

---

1. The court notes that the regulation cited by the government does not support its argument that the Administrator delegated his subpoena power under the Motor Vehicle Information and Cost Savings Act to the Executive Secretary. This regulation, however, was amended to provide for this authority before the subpoena was issued. 44 Fed.Reg. 76295 (Dec. 26, 1979).

process clause of the fifth amendment does not mandate that a hearing be held in conjunction with the issuance of this investigative subpoena. *See Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Tyler v. Vickery,* 517 F.2d 1089 (5th Cir. 1975), *cert. denied,* 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976). At this stage of the investigation, the NHTSA is merely trying to determine whether a violation has occurred; if charges are pressed, the respondent will have ample opportunity to contest the agency's accusations. Moreover, by refusing to produce this information, the respondent has secured judicial scrutiny of the NHTSA's compliance with statutory requirements. This procedure is sufficient to satisfy whatever due process interests are implicated by the issuance of this subpoena. *See United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

Congress could have restricted the agency's subpoena power in the manner suggested by the respondent, but it need not have done so, and in the court's judgment, the language of this statute will support a broader construction, one that is more consistent with the legislature's intent to enhance the agency's coercive powers. Section 1990d(c)(1) confers upon the Secretary very broad authority to ensure compliance with the provisions of the Motor Vehicle Information and Cost Savings Act. The Secretary, or an authorized employee or official of the NHTSA, may conduct a hearing to investigate possible violations of this Act; a fair reading of this section indicates, however, that a hearing need not be convened before the subpoena power may be exercised. This authority to issue an investigative subpoena is nothing more than the power to conduct discovery. A hearing at this stage of the agency's investigation would be superfluous, time-consuming, and unnecessarily expensive for all involved. The court is not persuaded that section 1990d(c)(1) ties the exercise of the subpoena power to the calling of an administrative hearing.

### (3) *Necessity of a Warrant*

■ The respondent further contends that prior to the issuance of any subpoena under section 1990d(c)(1), the requirements of section 1990e must be satisfied. This latter provision requires that a warrant be issued prior to "entry or administrative inspection," except in enumerated situations. This contention, however, merits little discussion. Section 1990e refers only to entries and physical inspections; neither is required for the production of documents under section 1990d(c)(1).

### (4) *Satisfaction of Condition Precedents*

The respondent does not dispute that the authority to issue subpoenas under this Act was delegated to the Executive Secretary, but it contends that the subpoena is defective because the Executive Secretary did not comply fully with the NHTSA's regulations before issuing the subpoena. The regulation delegating this power, 49 C.F.R. § 501.8(c) (1980), expressly states that the Executive Secretary may issue a subpoena at the request of the Assistant Chief Counsel for Litigation and after the Administrator of the NHTSA is notified. The government shows by the affidavit of Mr. David Allen, the Assistant Chief Counsel for Litigation, that this first precondition was satisfied, but it is undisputed that the Administrator was not notified beforehand of the Assistant Chief Counsel's decision to request a subpoena.

The respondent contends that the failure to satisfy this prerequisite voids the subpoena. The government, on the other hand, argues that prior notice to the Administrator is an internal, housekeeping procedure and that, therefore, unless the respondent can show substantial prejudice, the Assistant Chief Counsel's failure to abide by this regulation will not excuse the respondent's refusal to comply with an otherwise lawful subpoena.

■ Upon review of this procedure, the court must agree with the government. No federal statute requires the Executive Secretary to notify the Administrator before issuing a subpoena. The Motor Vehicle In-

formation and Cost Savings Act simply states that the Secretary of DOT, or his delegatee, may require the production of documents by subpoena. 15 U.S.C.A. § 1990d(c)(1). The Administrative Procedures Act adds that investigative subpoenas shall not be issued or enforced except as authorized by law. 5 U.S.C.A. § 555. These statutes leave it to the agency's discretion to formulate rules to govern these requests.

Nor does the Constitution mandate prior notice to the Administrator. Insofar as prior notification may permit the Administrator to monitor more closely the discretionary actions of his or her subordinates, this rule could be construed as a significant procedural protection for the target of the subpoena, and therefore should be strictly enforced. As is evident from the phrasing of this regulation, however, prior approval of the Administrator is not required, only prior notice. Moreover, through the affidavit of Ms. Joan Claybrook, the Administrator for NHTSA, the government shows that the sheer volume of subpoenas issued by the NHTSA precludes the Administrator from personally reviewing each request. On the basis of this testimony and its own review of this regulation, the court concludes that section 501.8(c) does not confer any important procedural protections upon private individuals but is merely an internal procedure intended to ensure a systematic process for the issuance of subpoenas.

Furthermore, in the court's judgment, the agency reasonably complied with its own regulations in issuing the subpoena challenged here. The Administrator was not notified before the subpoena was issued, but the Chief Counsel did give her prior notice of the decision to seek judicial enforcement of the subpoena once the respondent unequivocally refused to comply. Whatever oversight the Administrator might have applied when the Assistant Chief Counsel sought the subpoena could have been exercised before this action was commenced. The time differential did not prejudice the respondent to any appreciable extent, since, other than sending unofficial representatives to a conference with NHTSA employees, the respondent took no apparent steps to comply with the subpoena or to move that it be quashed.

 But even had the agency ignored this regulation altogether, the court still would not be inclined to deny the government's petition. As a general rule, the failure to comply with a procedural regulation does not implicate due process interests. *See United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). Therefore, the agency has some measure of discretion in interpreting and applying its own procedural rules. Only when a particular deviation from standardized operating procedure substantially prejudices the individual will the court insist upon literal compliance with the rule. *E. g., American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 538–39, 90 S.Ct. 1288, 1292, 25 L.Ed.2d 547 (1970); *Sun Oil Co. v. Federal Power Commission*, 256 F.2d 233, 239 (5th Cir.), *cert. denied*, 358 U.S. 872, 79 S.Ct. 111, 3 L.Ed.2d 103 (1958); *Port of Jacksonville v. Hayes*, 485 F.Supp. 741, 743 (M.D.Fla.), *aff'd*, 620 F.2d 567 (5th Cir. 1980); *Federal Trade Commission v. Foucha*, 356 F.Supp. 21, 25–26 (N.D.Ala.1973). The respondent does not contend that it was prejudiced by the Executive Secretary's failure to notify the Administrator before issuing the subpoena. Moreover, the Administrator stated in her affidavit that had she been given prior notice, she would not have blocked this request. Nor does the respondent allege that the agency's disregard of this regulation was actuated by bad faith.

For all the foregoing reasons, the court concludes that the Executive Secretary's failure to give prior notice to the Administrator of his intention to issue a subpoena does not foreclose enforcement of this subpoena.

*Fourth Amendment*

 The respondent argues that section 1990d(c)(1) and the subpoena violate the fourth amendment because the statute does not specify any standard other than the issuing officer's general determination that production is "advisable" and the subpoena

because it does not set forth any ground or reason for the production of the documents. Neither of these arguments, however, merit more than cursory attention. The respondent contends that the statute creating the subpoena power is unconstitutionally broad because it does not limit the scope of the Secretary's authority to compel the production of documents. This subsection, however, begins with the phrase "[f]or the purpose of carrying out the provisions of this subchapter ...," thus expressly incorporating the other provisions of the Act. These provisions describe in sufficient detail the proscribed conduct to survive the respondent's constitutional challenge.

The respondent also argues that the subpoena violates its fourth amendment rights because it fails to set forth any ground for this request. This argument, however, is not sustained by any persuasive authority. The case cited by the respondent in support of its position, *Federal Trade Commission v. American Tobacco Co.*, 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696 (1924), although not expressly overruled, does not state the prevailing fourth amendment requirements for administrative subpoenas. As the government points out, in *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950), the Supreme Court stated that a subpoena will be enforced so long as the issuance of the subpoena is within the bounds of the agency's statutory authority, the information sought is relevant to a proper investigation, and the terms of the subpoena are definite. *Morton Salt*, 338 U.S. at 652, 70 S.Ct. at 368, accord, *McClendon v. Jackson Television, Inc.*, 603 F.2d 1174, 1177 (5th Cir. 1979). In the court's judgment, all these conditions are satisfied here. Section 1990d(c)(1) of the Motor Vehicle Information and Cost Savings Act authorizes the Secretary to issue subpoenas when he or she deems it advisable "[f]or the purpose of carrying out the provisions of this subchapter...." 15 U.S.C.A. § 1990d(c)(1). The subpoena was issued during the course of the NHTSA's investigation into possible violations of the odometer disclosure provisions of this Act. The subpoena specifically requests only information pertaining to the vehicles sold by the respondent at the Atlanta Auto Auction between January 1, 1979 and November 31, 1979. Briefly stated, the court concludes that the information sought through this subpoena is reasonably relevant to a legitimate investigative purpose. The respondent's fourth amendment objections to this subpoena are without merit.

*Fifth Amendment*

The respondent's final argument is that disclosure of this information will violate its owner and sole shareholder's fifth amendment right. In *In re Agan*, 498 F.Supp. 493 (N.D.Ga.1980), this court recently ruled that a corporate officer may be compelled to produce corporate documents, even though he is the sole shareholder or alter ego of the corporation and the records may incriminate him. *Id.* at 494–95. The court believes that this decision is a correct statement of this legal principle. The respondent's attempt to invoke the fifth amendment on behalf of its owner cannot be sustained.

In summary, the court concludes that the subpoena issued by the Executive Secretary of the NHTSA is a proper exercise of the authority conferred by Congress in section 1990d(c)(1) of the Motor Vehicle Information and Cost Savings Act. The court hereby grants the government's petition. The respondent is directed to comply with the terms of this subpoena by April 16, 1981.