James **FOREMAN** and Local Union 59 of the International Brotherhood of Electrical Workers

v.

John **THALMAYER** and the Equal Employment Opportunity Commission.

Civ. A. No. 3–75–0103–F.

United States District Court,
N. D. Texas,
Dallas Division.

May 9, 1975.

David R. Richards, Austin, Tex., for plaintiffs.

Lauriston H. Long, EEOC, Washington, D. C., for defendants.

## OPINION AND ORDER OF DISMISSAL

ROBERT W. PORTER, District Judge.

This suit, filed by a labor union local and its business manager against the Equal Employment Opportunity Commission and one of its agents, centers around a dispute whether the local must comply with an EEOC subpoena that the union finds burdensome. I find that the Court lacks jurisdiction to proceed.

The EEOC served a subpoena duces tecum on the Defendant Foreman and Local 59 of the International Brotherhood of Electrical Workers in Dallas, Texas. It required the production of numerous documents, many of which do not exist, according to the union. The union petitioned the Commission to revoke or modify the subpoena, which it should be noted involved the Commission's investigation of a charge filed against the union. The EEOC modified but declined to revoke the subpoena.

In its complaint in this Court, the Plaintiffs contend that the case arises under 42 U.S.C. § 2000e et seq., and the Fourth, Fifth and Ninth Amendments to the Constitution of the United States. Jurisdiction is claimed under 28 U.S.C. §§ 1331, 1337, 1361 and 1651, 42 U.S.C. § 2000e-8, and the cited constitutional amendments.

The Defendants have moved to dismiss for lack of jurisdiction, claiming that if the Plaintiffs are unhappy with the subpoena, they have no remedy but to wait for the Commission to file suit against them—if the Commission elects to do so—to enforce the subpoena. The Commission is correct, and this suit must be dismissed.

Only a brief examination of statutes and cases is necessary. Title 42 U.S.C. § 2000e–9 provides: "For the purpose of *all* hearings and investigations conducted by the Commission or its duly authorized agents or agencies, section 161 of Title 29 shall apply." (Emphasis added.)

In turn, 29 U.S.C. § 161, dealing originally with powers of the National Labor Relations Board, authorizes the EEOC to issue administrative subpoenas for use during an investigation. It further provides that in cases of refusal to obey a subpoena, the issuing agency may apply to the United States District Court for an order requiring compliance. The statute specifically grants jurisdiction to the court for this purpose.

In this case, to borrow a phrase from the Fifth Circuit in an NLRB case:

> We do not think a concrete actual controversy is disclosed. The representative of the [EEOC] has merely requested cooperation by a voluntary disclosure which the petitioner does not think it ought to give. . . . The remedy against forced improper disclosure . . . is simply to refuse to disclose and to have the District Court rule upon the matter in enforcement proceedings.

Elliott v. American Mfg. Co. of Texas, 138 F.2d 678–679 (5th Cir. 1943).

The Commission could have, if it wished, counterclaimed for enforcement of the subpoena. New Orleans Public Service, Inc. v. Brown, 507 F.2d 160 (5th Cir. 1975). Had it done so, this Court would have jurisdiction to consider the merits. It chose not to do so, and there is no such jurisdiction. Steck-Vaughn Co. v. Equal Employment Opportunity Commission, 7 EPD Par. 9119, 8 FEP Cases 336 (W.D.Tex.1974). The fact that Plaintiff has sought declaratory relief does not, of course, confer jurisdiction where it does not otherwise exist.

Accordingly, it is ordered that this cause be dismissed with all costs taxed against the Plaintiff.