**Joseph J. RODIO, Plaintiff,**

v.

**COMMISSIONER OF the INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. CA90–0589T.**

United States District Court, D. Rhode Island.

July 15, 1991.

---

Richard O. Lessard, Gunning, LaFazia & Gnys, Providence, R.I., for plaintiff.

W. Stephen Muldrow, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

TORRES, District Judge.

The Finding and Recommendation of United States Magistrate Judge Jacob Ha-

gopian filed on June 5, 1991 is accepted pursuant to Title 28, United States Code, Section 636(b)(1). No objection has been timely filed, and the time for objecting has expired.

## FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate Judge.

■ Before the Court are several motions filed in the instant action. The defendant, Commissioner of the Internal Revenue Service (Commissioner),[1] moves to alter or amend an order entered in this case on November 1, 1990. Plaintiff, Joseph J. Rodio, filed a petition to quash a summons issued by the Commissioner who in turn filed a motion to dismiss the plaintiff's petition to quash.

For the following reasons I recommend the motion to alter or amend this Court's order of November 1, 1990 should be granted, the plaintiff's petition to quash the summons should be denied and the defendant's motion to dismiss should be granted.

*Statement of the Claim*

Plaintiff, through the instant action, seeks to quash an Internal Revenue summons served on him on July 6, 1989. The Internal Revenue Service (IRS) is conducting an investigation into the potential penalty liability of petitioner for allegedly aiding and abetting in an understatement of tax liability in connection with the estates of Isabella M. Sullivan and Allyn F. Sullivan.[2] In sum, the IRS is seeking information upon which it can impose a penalty on plaintiff under 26 U.S.C. Section 6701. In order to further this investigation the IRS served petitioner with a summons to obtain

1. United States of America claims it was improperly sued in the name of the Commissioner of the Internal Revenue. I find that the relief sought here, an order quashing the IRS summons, can only be sought against the United States. *Reisman v. Caplin,* 317 F.2d 123, 125 (D.C.Cir.1963). Although the United States is correct in its statement of the law, I find that a suit against the Commissioner of the Internal Revenue is a suit against the United States.

Thus, the Commissioner of the Internal Revenue will remain as the proper named party.

2. It is unclear from the record in exactly what capacity petitioner Rodio served in the preparation of the estates of the Sullivans'. It appears, however, that petitioner Rodio aided in preparing the tax returns in connection with the Sullivans' estates and it is in this capacity that the IRS is investigating a potential penalty liability of Rodio for the alleged understatement.

certain documents.[3] 26 U.S.C. Section 7602. Petitioner refused to comply with the summons and filed the instant petition to quash the summons.

*Travel of the Relevant Motions and Case*

This case was originally filed as Miscellaneous Petition 89–095 on July 7, 1990. The petition was filed by Joseph J. Rodio seeking an order to quash a summons served on him by the Commissioner. The Commissioner filed a motion to dismiss the petition to quash on July 25, 1990. The petition to quash was referred to me on July 31, 1990; subsequent to this referral the motion to dismiss the petition was also referred on September 5, 1990. The petition to quash was set and noticed for hearing on October 23, 1990 before me. The defendant/respondent Commissioner failed to appear at the scheduled hearing. Because of defendants failure to appear and oppose plaintiff's petition an order granting the petition to quash was entered by this Court on November 1, 1990. The defendant's separate motion to dismiss remains to be decided.

An objection to this Court's November 1, 1990 Order was filed by the United States on November 11, 1990. The objection accompanied a motion to alter or amend the November 1, 1990 order which also remains to be decided. On November 30, 1990, Miscellaneous Petition 89–095 was opened as Civil Action 90–0589B.[4] The United States' motion to alter or amend the November 1, 1990 order was referred to me as well as plaintiff's petition to quash and the defendant's motion to dismiss the petition to quash. These three motions were referred to me on November 30, 1990.

*Discussion*

*1. The Order Dated November 1, 1990*

As was stated above, the November 1, 1990 order granted the petition to quash the IRS summons. The United States now moves to alter or amend that order on the grounds that it was not noticed of the October 23, hearing. The United States asserts that despite notice to this Court and to plaintiff that the United States was the proper party in this case, it was never notified of the hearing held in October of 1990. The defendant states that Raymond Sitar, Esq., an IRS estate tax attorney, was incorrectly noticed of the hearing on the motion to quash. Thus, the United States says its failure to appear was through no fault of its own since the United States Attorney General was not noticed of the hearing.

A. Analysis of the Court

■ The United States' claim that notice to the IRS of the hearing date does not constitute notice to the United States is devoid of reason. It is obvious that notice to an operating agency of government, as here to IRS, of a hearing date constitutes factual notice of the hearing date to the United States. Otherwise the United States Department of Justice argument could only mean they are independent of government. I note the motion to dismiss the petition to quash filed in July of 1990, well before the October hearing date, was filed by the same attorney who is now before the Court claiming to have had no knowledge of the hearing date. It appears that the Tax Division of the Department of Justice was aware of the petition to quash but for some unknown reason failed to obey and comply with the notification of the hearing.

Despite the inherent inconsistencies in the argument proffered by the United States, I find that the merits of the motion to dismiss warrant vacating the November 1, 1990 order to allow a determination to be made on the motion to dismiss. Fed. R.Civ.P. 60(b).

---

**3.** The IRS summons requested the following items: [a]ll files, books, records, memoranda, documents, or writings of any type or description in [his] possession or control or the possession or control of [his] law firm relating to the Estate Planning in the Estate of Isabella M. and/or Allyn F. Sullivan relating to the owner-ship of property as disclosed in the U.S. Form 706 (Estate Tax Return) for both estates.

**4.** Although this case was originally assigned to Chief Judge Boyle, he recused himself on December 3, 1990, and the case was assigned to Judge Torres as 90–0589T.

## 2. *Petition to Quash the IRS Summons and Motion to Dismiss*

As was stated above, the plaintiff was served with an IRS summons to produce certain documents. Subsequent to filing his motion to quash the IRS summons, plaintiff attended a hearing before hearing officer Raymond Sitar. At that hearing, the plaintiff contested the authority of the IRS to issue such a summons and reiterated his refusal to comply with the summons. No action was instituted by the IRS to enforce the summons.

■ The authority of the Commissioner to issue summonses under 26 U.S.C. Section 7602 can be challenged by a person served with a summons if the proper procedures are followed. The Supreme Court has held that a person served with an IRS summons has a right to challenge the summons. *Reisman v. Caplin*, 375 U.S. 440, 450, 84 S.Ct. 508, 514, 11 L.Ed.2d 459 (1964). Any challenge, however, must be made before an IRS hearing officer. *Caesar Electronics v. U.S.*, 58 A.F.T.R.2d 86–6226, 86–2 USTC p. 9693, 1986 WL 542 (1986). A person making such a challenge may not by-pass the hearing officer stage and proceed to district court seeking a declaratory judgment. *Reisman, supra*, at 445, 84 S.Ct. at 511. Once the summons has been challenged, the IRS must institute an action in a district court to enforce the summons. 26 U.S.C. Sections 7402(b) and 7604(a). If no enforcement action is brought, then the hearing officer cannot compel compliance with the summons since authority to compel compliance rests solely with a district court. *Reisman, supra*, at 445, 84 S.Ct. at 511.

■ Turning to the facts of this case, I find that plaintiff has challenged the issuance of the summons before an IRS hearing officer. The IRS, however, has failed to bring an action in this Court to enforce the summons issued to plaintiff. Thus, the Court can only conclude that the IRS has accepted the plaintiff's challenge to the summons and has elected not to bring an enforcement action. The inaction of summons enforcement by the IRS demonstrates that plaintiff is under no compelled duty to comply with the summons.

Further, I find that plaintiff is barred from instituting his petition to quash the summons. The Internal Revenue Code provides that the government alone can invoke the jurisdiction of this Court, in the instant matter, by filing an enforcement action. See 26 U.S.C. Sections 7402(b) and 7604(a). The plaintiff here was under no duty to comply with the summons; thus, no claim exists. Once an enforcement claim is initiated, the plaintiff has the right to challenge the validity of the summons. *Caesar, supra*.

I find the plaintiff's petition to quash should be denied for the foregoing reasons, I find the government's motion to dismiss should be granted for the reasons mentioned.

Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed. R.Civ.P. Failure to timely file specific objections to the magistrate judge's Recommendation, Findings or Report is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).

### *Recommendation*

The motion to alter or amend the November 1, 1990 Order of this Court should be granted. Plaintiff's petition to quash the IRS summons should be denied, and finally, the defendant's motion to dismiss should be granted. I so recommend to the Court.

June 5, 1991