**FLEET/NORSTAR FINANCIAL GROUP, INC., Plaintiff,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Defendant.**

Misc. No. 91–0095–P.

United States District Court, D. Maine.

July 30, 1991.

**20**

Kate S. Debevoise, Gregory A. Tselikis, Bernstein, Shur, Sawyer & Nelson, Portland, Me., S. Michel Levin, Lauren Sandler Zurier, Edwards & Angell, Providence, R.I., for Fleet/Norstar Financial Group, Inc.

James A. Brigagliano, Asst. Gen. Counsel, Richard M. Humes, Associate Gen. Counsel, S.E.C., Washington, D.C., for S.E.C.

MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO QUASH A SUBPOENA DUCES TECUM

GENE CARTER, Chief Judge.

 Plaintiff Fleet/Norstar Financial Group, Inc., on behalf of its subsidiary

Fleet Bank of Maine, moves to quash an investigative subpoena issued by Defendant Securities and Exchange Commission (hereinafter SEC) seeking certain documents relating to Maine Saving Bank's loan loss reserves and provisions.[1] Plaintiff argues that disclosing the requested documents would violate the Maine Confidential Financial Records Act, 9–B M.R.S.A. §§ 161–164, and would thereby subject Plaintiff to civil liability. Subpoenas which are not self-enforcing, and therefore threaten no sanction for failure to comply, may not be challenged in federal court when an adequate legal remedy is otherwise available. *See Reisman v. Caplin,* 375 U.S. 440, 445–46, 84 S.Ct. 508, 511–12, 11 L.Ed.2d 459 (1964). *See also Atlantic Richfield Co. v. Federal Trade Commission,* 546 F.2d 646, 648–50 (5th Cir. 1977); *Peoples Bank of Danville v. Williams,* 449 F.Supp. 254, 260–61 (W.D. Va.1978); *Securities and Exchange Commission v. Isbrandtsen,* 245 F.Supp. 518, 520 (S.D.N.Y.1965). Congress has provided an exclusive forum in which Plaintiff may secure a full adjudication of its objections to this subpoena *duces tecum:* an enforcement action brought in a United States District Court by the SEC. *See* 15 U.S.C. § 78u(c); *Sprecher v. Graber,* 716 F.2d 968, 975 (2d Cir.1983) (section 78u(c) is the exclusive remedy). The Court is, therefore, without subject matter jurisdiction over this matter. Accordingly, Plaintiff's motion to quash is hereby DENIED and this matter is hereby DISMISSED for lack of subject matter jurisdiction.

So ORDERED.

---

1. The relevant documents were physically transferred to Fleet Bank of Maine after the Federal Deposit Insurance Corporation, as receiver for Maine Savings Bank, entered into a Purchase and Assumption Agreement with Fleet Bank of Maine on February 1, 1990.