George E. FREESE, Jr., et al.

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION.**

No. C–93–386–L.

United States District Court, D. New Hampshire.

Nov. 24, 1993.

Frederic K. Upton, Upton, Sanders & Smith, Concord, NH, Stephen L. Tober, Tober Law Offices, PA, Portsmouth, NH, Thomas J. Dougherty, Skadden, Arps, Slate, Meagher & Flom, Boston, MA, for plaintiffs.

Thomas A. Schulz, F.D.I.C., Washington, DC, for defendant.

## ORDER

LOUGHLIN, Senior District Judge.

Before the court is the defendant's Motion for Summary Enforcement of Administrative Subpoena and Motion to Dismiss. For the reasons outlined below, the motion is denied.

### Background

On October 10, 1991, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver and liquidating agent for New Hampshire Savings Bank. On September 18, 1992, the FDIC issued an Order of Investigation. The purpose of the investigation was to determine whether any valid claims existed against the Bank's former officers and directors; whether sufficient assets existed to pursue any potential claims against them; and whether the FDIC should seek to freeze or attach any of their assets. *See,* Declaration of Emily E. Sommers.

In connection with the investigation, the FDIC issued administrative subpoenas *duces tecum* on June 3, 1993, to George E. Freese, Jr., Robert O. Wilson, Merwyn Bagan, Harry W. Blunt, Jr., Joan Z. Lonergan, John B. Pendleton, Fred L. Potter, Harriet Haller Key and Nathan Wechsler, former officers and directors of the New Hampshire Savings Bank. The subpoenas were identical and sought extensive personal financial information in relation to the plaintiffs and their families for the five years preceding the date of the subpoenas. The FDIC issued the subpoenas pursuant to their authority under

Sections 1818(n) and 1821 of the Federal Deposit Insurance Act. *See,* 12 U.S.C. §§ 1818(n), 1821.

Each of the recipients objected to the subpoenas in writing claiming that the FDIC lacked the authority to seek personal financial information, that the information sought was not relevant to the investigation of the New Hampshire Savings Bank and the scope of the subpoenas were overly broad and burdensome. The FDIC responded to the objections in a letter dated July 2, 1993 and ordered compliance with the subpoenas by July 9, 1993.

The recipients of the subpoenas joined as plaintiffs and filed an action on July 12, 1993 against the FDIC seeking, *inter alia,* a determination of their validity. Nathan Wechsler filed a separate declaratory judgment action on July 26, 1993, seeking to quash the subpoena.[1] The FDIC filed responsive motions in both actions seeking summary enforcement of the subpoenas and a dismissal of the complaints. Both actions were consolidated on October 19, 1993. On November 10, 1993, all parties appeared before the court to present oral arguments on the merits of the outstanding motions.

## Discussion

 It is well settled that an agency subpoena is enforceable if the subpoena is issued for a proper purpose authorized by Congress, if the information sought is relevant to that purpose and is adequately described within the subpoena, and the statutory procedures have been followed in the subpoena's issuance. *U.S. v. Comley,* 890 F.2d 539, 541 (1st Cir.1989). The role of the court in evaluating the propriety of the subpoena, is limited to an examination as to whether all of these requirements have been met. *Id.* If the investigation is within the authority of the agency, the information sought reasonably relevant and the subpoena sufficiently definite, the court must enforce the subpoena. *U.S. v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950). An affidavit from a government official is sufficient to establish a *prima facie* showing

that the requirements have been met. *U.S. v. Comley,* 890 F.2d at 541.

The plaintiffs have not alleged that the subpoenas in this case were issued in violation of statutory procedure. Instead, the plaintiffs claim that the subpoenas were sought for improper purposes, that even if the court determined that the purposes were proper the information sought was not relevant to those purposes and that the subpoenas were issued in violation of the Fourth Amendment.

In the Order of Investigation, the FDIC has stated four purposes for which the subpoenas were issued. The FDIC seeks to determine whether (1) the former officers and directors of the New Hampshire Savings Bank may be liable as a result of any action or failure to act; (2) the pursuit of litigation against the plaintiffs would be cost effective; (3) the FDIC should seek to avoid any transfers made by the plaintiffs; and (4) the FDIC should seek an attachment of the plaintiffs' assets.

 A determination of whether the pursuit of a civil suit against the plaintiffs would be cost effective is not a proper purpose to issue a subpoena. The FDIC may not freely peruse personal financial records in order to determine the party's financial ability to satisfy a judgment. *Resolution Trust Corp. v. Feffer,* 793 F.Supp. 11, 14 (D.D.C.1992); *FTC v. Turner,* 609 F.2d 743, 744, reh'g denied, 614 F.2d 294 (5th Cir.1980). Courts have routinely denied access to personal financial records in civil discovery reasoning that a party's ability to satisfy a judgment is irrelevant to the subject matter of the action. While the rules of civil discovery do not control an administrative subpoena, even the broad powers of the FDIC do not extend to an invasion of privacy. *See, Resolution Trust Corp. v. Feffer,* 793 F.Supp. at 14.

 The FDIC urges that even if determining the cost effectiveness of the litigation is not a proper purpose, the remaining articulated purposes are sufficient to justify the issuance of the subpoena. The FDIC asserts that subpoenas were necessary to determine whether the plaintiffs may be liable for any

1. Plaintiff Wechsler also filed a Motion for Summary Judgment on September 27, 1993.

action or inaction as officers and directors of New Hampshire Savings Bank or whether the FDIC should freeze or avoid any transfer of the plaintiffs' assets. However, the FDIC fails to assert that there was even a suspicion of wrongdoing on the part of the plaintiffs.

In her affidavit, Emily E. Sommers, Senior Attorney in the Professional Liability Section of the FDIC, simply states that the information sought is relevant to the purposes for which the subpoenas were issued. On the basis of this bald statement the FDIC urges that there is a *prima facie* showing that the requirements necessary to the issuance of the subpoena were met. The FDIC claims that a review of all of the plaintiffs' and their spouses financial documents for the past five years is necessary to determine if there were any "suspicious accretions to wealth." *See*, Defendant's Motion for Summary Enforcement of Administrative Subpoenas.

The FDIC has not offered a basis on which to assert that the plaintiffs may have been liable for any wrongdoing in their capacities as directors or officers of New Hampshire Savings Bank. In each case which the FDIC cites in support of their Motion for Summary Enforcement of the Subpoenas, the court enforced the subpoenas on the basis of some substantiated allegation of wrongdoing by the administrative agency. In *U.S. v. Comley*, 890 F.2d 539 (1st Cir.1989) the subpoena was issued on the strength of a Nuclear Regulatory Commission affidavit which alleged various acts of misconduct including leaking information which may have compromised public safety. In *SEC v. Howatt*, 525 F.2d 226 (1st Cir.1975) subpoenas were issued in connection with a Securities and Exchange Commission investigation initiated after written complaints from brokers whose clients had purchased securities from the defendants. Prior to the issuance of the subpoenas, the investors were interviewed personally. Finally, in *Resolution Trust Corp. v. Feffer*, 793 F.Supp. 11 (D.D.C.1992), the court granted partial enforcement of a subpoena on a motion to reconsider. The subpoena was enforced on the basis of an affidavit submitted by an RTC investigator who represented that the subpoena recipients had taken steps to shelter income to avoid the reach of the RTC as judgment creditor.

In the instant case, the FDIC has failed to make even a suggestion of wrongdoing, let alone present the specific facts necessary to support a motion to summarily enforce the subpoenas. The court does not intend to imply that the FDIC was required to establish a showing of probable or reasonable cause in order to support the enforcement of the subpoena. However, to allow the FDIC to conduct a fishing expedition through the plaintiffs' private papers in the hope that some evidence of wrongdoing will surface flies in the face of the spirit, if not the letter, of the Fourth Amendment. *See, FTC v. American Tobacco Co.*, 264 U.S. 298, 305–06, 44 S.Ct. 336, 337, 68 L.Ed. 696 (1924).

Commenting further, this shotgun approach to the use of the subpoena powers in a hubristic manner infringes upon fundamental constitutional rights we are all entitled to, even losels. There has been some mitigation of the untoward situation presented by the facts in this case as most documents have been sealed. Albeit, individuals subject to the subpoena powers have incurred legal expenses, anxiety and trepidation in facing the shotgun method the defendant has used to expose putative violations of the law.

Accordingly, the FDIC's Motions for Summary Enforcement of Administrative Subpoenas and Motions to Dismiss (No. 8 and No. 14) are hereby denied. Furthermore, as the issues presented in the FDIC's motions are identical to those raised in Plaintiff Nathan Wechsler's Motion for Summary Judgment (No. 14) and the facts in this case are undisputed, the Motion for Summary Judgment is hereby granted in favor of all plaintiffs.