Donald **LOPES**, Diane M. Farrar
and Theodore R. Distefano

v.

**RESOLUTION TRUST CORPORATION.**

**C. A. No. 94–0065B.**

United States District Court,
D. Rhode Island.

April 11, 1994.

Stephen H. Burke, Temkin & Stone, Providence, RI, for Donald Lopes.

Michele A. Theroux, McGovern, Noel & Benik, Providence, RI, for Diane M. Farrar and Theodore R. DiStefano.

Stacey Nakasian, Flanders & Medeiros, Providence, RI and Paul M. Laurenza, Pettit & Martin, Washington, DC, for defendant.

## ORDER

FRANCIS J. BOYLE, Senior District Judge.

The Report and Recommendation of United States Magistrate Judge Lovegreen filed on March 23, 1994 in this action is adopted pursuant to Title 28 United States Code Section 636(b)(1), since no objection has been timely filed and the time for objecting has expired, and the within action is dismissed.

## REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

Plaintiffs have filed a complaint against defendant Resolution Trust Corporation ("RTC") along with a motion to quash certain subpoenas duces tecum pursuant to F.R.Civ.P. 45(c)(3)(A) and a request for a temporary restraining order pursuant to F.R.Civ.P. 65(b) directed to RTC, preventing it from obtaining certain personal and private financial records from these plaintiffs. Defendant RTC opposed these motions and offered its motion to dismiss the complaint pursuant to F.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction). This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B). Based on the following analysis, I recommend that defendants' motion to dismiss be granted. No action need be taken on plaintiffs' motions as they fall with their complaint.

### Facts

On April 25, 1992, the RTC issued an *order of investigation* regarding Colonial Savings Bank ("Colonial") of Cranston, Rhode Island, a failed institution for which the RTC had been appointed receiver. The order of inves-

tigation, in pertinent part, recited that the RTC was conducting an investigation to determine, among other facts, whether:

former officers, directors and others who provided services to, or otherwise dealt with, Colonial, its successors or affiliates may be liable as a result of any actions, or failures to act, in connection with or which may have affected Colonial, its successors or affiliates....

The order also recited that the RTC was acting pursuant to statutory authority provided in 12 U.S.C. §§ 1818(n) and 1821(d)(2)(I).

Pursuant to the order of investigation, the RTC issued substantively identical administrative subpoenas to plaintiffs, former directors of Colonial, on or about December 20, 1993. Plaintiffs object to producing those documents sought in the Schedule of Documents to be Produced, number 4, attached to the administrative subpoenas, which states:

The subpoena recipient's complete federal income tax returns for the years 1988 through and including 1992, including joint returns and corporate returns if applicable, and including all exhibits, schedules, W–2 forms, K–1's, and any other attachments to the returns.

On or about February 1, 1994, plaintiffs filed the instant complaint and the motions to quash the subpoenas and for temporary restraining orders. The complaint and motions allege, *inter alia*, that the RTC subpoenas exceed the RTC's authority, seek irrelevant information, and violate Fourth Amendment privacy protections. The RTC has not sought enforcement of these subpoenas in this or any other court.

*Discussion*

A. RTC's Motion to Dismiss for lack of subject matter jurisdiction (F.R.Civ.P. 12(b)(1)).

■ One of the most firmly established principles of administrative law is that courts cannot entertain pre-enforcement challenges to administrative subpoenas. Courts have uniformly held that such challenges are not ripe for judicial review. *See Fleet/Norstar Financial Group, Inc., v. SEC*, 769 F.Supp.

19, 20 (D.Me.1991) and cases cited therein. Since administrative subpoenas are not self-executing, recipients of such subpoenas can raise their procedural and substantive objections *only* if and when the government seeks to enforce the subpoena in court. *Id.* As a leading administrative law commentary states:

Due to lack of jurisdiction, the courts will not entertain motions brought by the subpoenaed party to quash or modify subpoenas.... Since agencies lack the power to enforce their own subpoenas, they must apply to the district courts for enforcement. *Only then may substantive or procedural objections to the subpoena be raised for judicial determination.*

Stein, Mitchell, and Mezines, *Administrative Law* 21.01(1) at 21–4 (1990) (emphasis added).

In *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), the Internal Revenue Service had issued administrative summons to an accounting firm seeking production of various financial records of taxpayers. The taxpayers' attorneys who had supplied the material to the accounting firm sought declaratory and injunctive relief against enforcement of the IRS subpoenas based on the contentions that the subpoenaed material was attorney work-product as well as an unconstitutional seizure of privileged documents to be used in the future in litigation against their clients. *Id.* at 444, 84 S.Ct. at 511. The Supreme Court denied relief, holding that plaintiffs had an adequate remedy at law because they could raise their claims in any proceeding brought by the IRS to enforce the administrative subpoenas. *Id.* at 449, 84 S.Ct. at 513–14. Noting that the IRS subpoenas under the pertinent statutory provisions were not self-executing, the Court stated:

If the Secretary or his delegate wishes to enforce the summons, he must proceed under § 7402(b), which grants the District Courts of the United States jurisdiction "by appropriate process to compel such attendance, testimony, or production of books, papers, or other data." Any enforcement action under this section would be an adversary proceeding affording a

judicial determination of the challenges to the summons and giving complete protection to the witnesses.

375 U.S. at 445–46, 84 S.Ct. at 512.

Courts in the First Circuit (including this Court) have consistently followed *Reisman* on the issue of judicial review of administrative subpoenas. *See, e.g., United States v. Freedom Church*, 613 F.2d 316, 319, 321 (1st Cir.1979) (*Reisman* requires that agency seek enforcement in district court proceeding wherein subpoena recipient may challenge subpoena "on any appropriate ground" (citing *Reisman*, 375 U.S. at 449, 84 S.Ct. at 513–14)); *United States v. Lyons*, 442 F.2d 1144, 1146 (1st Cir.1971) (*Reisman* prescribes procedure for subpoena recipient to "assert constitutional or other claims" against subpoena); *McGarry's, Inc. v. Rose*, 344 F.2d 416, 418 (1st Cir.1965) (*Reisman* and *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), require that agency seeking to enforce administrative subpoena resort to district court enforcement proceeding in which subpoena recipient is entitled to adversarial hearing); *Rodio v. Commissioner*, 138 F.R.D. 341, 344 (D.R.I. 1991) (under *Reisman*, subpoena recipient cannot petition district court to quash subpoena, but must raise his challenge in district court enforcement action filed by agency); *Fleet/Norstar Fin. Group, Inc. v. SEC*, 769 F.Supp. 19, 20 (D.Me.1991) (under *Reisman*, subpoena recipient may not bring action in federal court to challenge administrative subpoena; "exclusive forum" is district court enforcement proceeding initiated by agency). *Cf. United States v. Tivian Labs., Inc.*, 589 F.2d 49, 53–54 (1st Cir.1978), *cert. denied*, 442 U.S. 942, 99 S.Ct. 2884, 61 L.Ed.2d 312 (1979) (analogizing directly to administrative subpoena enforcement, court rejects respondent's contention that EPA may force compliance with information requests without seeking district court enforcement order).

In addition to this Circuit, the *Reisman* rule is followed uniformly in *all* jurisdictions that have considered the issue of pre-enforcement review of administrative agency subpoenas. *See, e.g., OTS v. Dobbs*, 931 F.2d 956 (D.C.Cir.1991); *Shea v. OTS*, 934 F.2d 41 (3d Cir.1991); *In re Office of Inspector Gen.,*

*R.R. Retirement Bd.*, 933 F.2d 276 (5th Cir. 1991); *United States v. Ramirez*, 905 F.2d 97 (5th Cir.1990); *Atlantic Richfield Co. v. FTC*, 546 F.2d 646 (5th Cir.1977); *Blue Ribbon Quality Meats, Inc. v. FTC*, 560 F.2d 874 (8th Cir.1977); *Anheuser–Busch, Inc. v. FTC*, 359 F.2d 487 (8th Cir.1966); *Kelley v. United States*, 503 F.2d 93 (9th Cir.1974); *Howfield, Inc. v. United States*, 409 F.2d 694 (9th Cir.1969); *Belle Fourche Pipeline Co. v. United States*, 751 F.2d 332 (10th Cir.1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985). Like the First Circuit, these courts have reiterated that the enforcement proceeding is an adequate remedy at law, because all objections, whether procedural or substantive, can be raised in that proceeding. *See, e.g., Atlantic Richfield*, 546 F.2d at 649.

The *Reisman* rule applies even where the subpoena enforcement statute threatens criminal penalties for willful noncompliance with the subpoena, as is the case with the RTC's subpoena enforcement statute, 12 U.S.C. § 1818(n). *Reisman* itself expressly held that such penalty provisions do not make the subpoenas self-executing. 375 U.S. at 446 & n. 6, 84 S.Ct. at 512 n. 6. Thus, *Reisman* has been properly read as holding that

> even in the face of statutes threatening criminal prosecution or contempt for failure to comply with a subpoena, the courts may not entertain objections to the subpoena in proceedings initiated by the subpoenaed party.

Stein, Mitchell & Mezines, *supra.*

█ Plaintiffs' complaint here falls squarely within the *Reisman* rationale on the issue of pre-enforcement review of administrative subpoenas. As in *Reisman* and the other cases cited above, plaintiffs here are asserting a judicial challenge to an administrative subpoena that is not self-executing, but can only be enforced by a district court if and when the RTC brings such an enforcement action.

The statutory provision pursuant to which RTC subpoenas are issued provides, in pertinent part, that the administrative agency issuing the subpoena

may apply to the United States District Court for the District of Columbia or [other specified district courts] for the enforcement of any subpena (sic) or subpena duces tecum issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith....

12 U.S.C. § 1818(n).[1] In terms of subpoena enforcement law, there is nothing unique about this statutory provision. In *Office of Thrift Supervision v. Dobbs*, 931 F.2d 956 (D.C.Cir.1991), *dismissing appeal from* 1990 WL 108965, 1990 U.S.Dist. LEXIS 9053 (D.D.C. July 19, 1990), the OTS had sought to enforce an administrative subpoena under Section 1818(n), which also applies to that agency. The District of Columbia Circuit, citing *Reisman*, observed that, "In the context of an administrative subpoena, the administrative agency must request a district court to enforce its subpoenas." *Id.*, at 957. Thus, the court recognized that an administrative subpoena is not self-executing and, like the administrative subpoenas in *Reisman*, can be enforced only by an order of a district court. *Id.*

The case law is also well-settled that the nature of the pre-enforcement objections to the subpoena is irrelevant under *Reisman*. The courts have consistently held that *all* objections, including constitutional objections, may be raised *only* when the government seeks enforcement in district court. *See, e.g., Reisman* (challenge to agency's statutory authority to issue subpoena); *Atlantic Richfield* (*all* objections, including constitutional claims, may be raised only in enforcement proceeding). Nor is the form of requested relief relevant, since the absence of jurisdiction to review pre-enforcement challenges to agency subpoenas precludes any relief. *See, e.g., Foreman v. Thalmayer*, 393 F.Supp. 1396, 1397 (N.D.Tex.1975); *Anheuser–Busch*, 359 F.2d at 490 (pre-enforcement challenge must be dismissed "as a matter of law").

Plaintiffs attack the subpoenas on two grounds: (1) that they exceed the investigatory authority of the RTC as provided in 12 U.S.C. §§ 1821(d)(2)(I) and 1818(n); and (2) that they violate plaintiffs' constitutional rights secured by the Fourth Amendment to the United States Constitution.

In essence, plaintiffs argue that RTC's sole interest in obtaining personal financial records is to identify assets subject to attachment should plaintiffs be saddled with liability. Plaintiffs argue this is an improper purpose for an administrative investigation and issuance of subpoenas, citing *Freese v. Federal Deposit Insurance Corporation*, 837 F.Supp. 22 (D.N.H.1993) and *Resolution Trust Corp. v. Feffer*, 793 F.Supp. 11, *on reconsideration*, 793 F.Supp. 15 (D.D.C. 1992). Neither case is apposite as both were decided on motions for summary enforcement of administrative subpoenas. Here, there has been no attempt by RTC to enforce the administrative subpoenas issued to plaintiffs. While plaintiffs may have valid and meritorious grounds for opposing the enforcement of these subpoenas, the time to raise and argue such grounds is in an enforcement hearing and not before. *Reisman v. Caplin, supra.*

Currently, these plaintiffs have declined to produce their personal financial records and they have this right. They cannot be required to produce such records until a District Court orders production. No order for production will be made without plaintiffs having an adequate opportunity to challenge the enforcement. At such hearing, all the arguments plaintiffs now raise may then be made in opposition to an order of enforcement. While plaintiffs may be uncomfortable during the wait for enforcement proceedings, if any there are, no production of personal financial information need be made beforehand. If there are no enforcement proceedings, plaintiffs may retain their personal financial records without disclosure to RTC. *See U.S. v. Freedom Church, supra.*

Notwithstanding the extensive precedent requiring an enforcement proceeding before administrative subpoenas may be subject to motions to quash or modify, plaintiffs invite

---

**1.** *See also* 12 U.S.C. § 1821(d)(2)(I), which gives the FDIC the authority to exercise any power, including subpoena power, contained in Section 1818(n). Sections 1818(n) and 1821(d)(2)(I) are made applicable to the RTC by 12 U.S.C. § 1441a(b)(4).

18

this Court to interpret 12 U.S.C. § 1818(n) to mean that "any party" may proceed to a District Court to request action be taken on such subpoenas. Plaintiffs cite no authority in support of this position. Consequently I decline this kind invitation.

B. Plaintiffs' Motions to Quash and for Temporary Restraining Orders.

As this Court does not have subject matter jurisdiction, there is no authority to act on these motions. Since plaintiffs' complaint should be dismissed, these motions fall also.

### Conclusion

For the reasons stated, I recommend that defendant RTC's motion to dismiss pursuant to F.R.Civ.P. 12(b)(1) be granted. Therefore, no action need be taken as to plaintiffs' motions as they fall with the complaint.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.[2] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[3]

March 23, 1994.

**2.** Rule 32, Local Rules of Court; F.R.Civ.P. 72(b).

**3.** *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).