70 F.3d 1252
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
George E. FREESE, Jr., et al., Plaintiffs, Appellees,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant, Appellant.
 No. 94-1025.
 United States Court of Appeals, First Circuit.
 Nov. 22, 1994.
 
 Upton, Grau, Tober, Dougherty, Ross, Clark and Schulz
 Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.
 
 ORDER OF THE COURT
 
 1
 The Federal Deposit Insurance Corporation ("FDIC") has appealed from a district court order denying enforcement of certain administrative subpoenas duces tecum issued by the FDIC in the course of an authorized investigation, see 12 U.S.C. Sec. 1820(c), whereby the FDIC sought to compel former officers and directors of the failed New Hampshire Savings Bank to turn over personal financial records to the FDIC. See id., Secs. 1818(n), 1821(d)(2)(I)(i). The opinion of the district court is set out in Freese v. F.D.I.C., 837 F.Supp. 22, 23-24 (D.N.H.1993).
 
 
 2
 Because the FDIC had to decide whether to file suit against these former bank officers and directors within three years of its appointment as receiver, or on or about October 10, 1994, see 12 U.S.C. Sec. 1821(d)(14), the FDIC filed a motion to expedite the appeal. On October 5, this court entered a summary order reversing the lower court's decision and ordering enforcement of the subpoenas in accordance with the D.C. Circuit's decision in Resolution Trust Co. v. Walde, 18 F.3d 943 (D.C.Cir.1994). We stated that an opinion would follow. On October 13 we constructively recalled the order to avoid premature problems which might be clarified by the court's forthcoming opinion.
 
 
 3
 On October 12, 1994, the FDIC notified this court that "shortly before receiving the October 5 order, the FDIC had reached a determination, based on considerations independent of the matters at issue in the appeal, not to sue the targets of the administrative subpoena." On October 19, 1994, appellees filed a "Suggestion of Mootness," arguing that the dispute about the enforceability of the subpoenas was moot, since the limitations period within which the FDIC was required to file suit against appellees had run while this appeal was pending. See 12 U.S.C. Sec. 1821(d)(14) (requiring the FDIC to file suit against former bank officers and directors within three years of its appointment as receiver). On October 24, 1994, the FDIC filed a concurrence in the suggestion of mootness, agreeing that the statute of limitations had run, and that the subpoenas had been issued in aid of an investigation that had been resolved. The FDIC asked that the lower court's decision be vacated pursuant to United States v. Munsingwear, Inc., 340 U.S. 36, 71 (1950), and National R.R. Passenger Corp. v. International Assoc. of Machinists and Aerospace Workers, 915 F.2d 43, 48 (1st Cir.1990).
 
 
 4
 We agree that this case has become moot. As this is a mootness case where the equities favor vacatur, we dismiss the appeal and vacate the lower court's decision. Munsingwear, 340 U.S. at 71; National R.R., 915 F.2d at 48. Compare U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, No. 93-714, 1994 WL 611411 (U.S. Nov. 8, 1994).
 
 
 5
 So ordered.