DECISION
This matter is before the court on the appeal of Bay View Towing, Inc. (plaintiff) from a decision of the Rhode Island Public Utilities Commission, Division of Public Utilities and Carriers (PUC) revoking the plaintiff's certificate to operate a towing business. The plaintiff seeks a reversal of the PUC's decision. Jurisdiction is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts/Travel
Between January 21, 1994 and March 21, 1994, the PUC received three separate complaints relative to plaintiff. The complaints alleged overcharging and poor service by the plaintiff. The PUC issued a hearing notice to inquire as to the fitness of the plaintiff to hold an operating certificate. The notice specified that "the complainants listed above and the principals of Bay View Towing Corporation (plaintiff) are required to attend this hearing."
The PUC issued subpoenas for Diane Sutton, in her capacity as President of Bay View Towing, and three Bay View Towing employees, Michael Carberry, James Anderson, and Ken Rocha, all of whom were served. Complaints against Carberry and Anderson were withdrawn.
On April 14, 1994, a hearing was held at which the plaintiff's attorney advised the hearing officer that the three complainants had withdrawn their complaints. Counsel stated that because the matter was now settled, those under subpoena did not need to appear at the hearing.
That hearing officer ruled otherwise. She revoked "the [plaintiff's] certificate for the nonresponse to the Division's attempt to ascertain the facts surrounding the complaint. . . ." She also ordered "the Division with the Attorney General to hold all of the subpoenaed parties in contempt and to enforce all subpoenas. . . ." Despite the plaintiff's attorney's statement that "[m]y clients are available, they're available to come down . . ." the hearing officer refused to grant a stay of her order.
From this decision, the plaintiff filed an appeal. The plaintiff states that (1) the decision of the hearing officer was not supported by substantial evidence; (2) there is no evidence on record demonstrating that the subpoenas were properly served; and (3) the revocation penalty was excessive. The PUC responds that G.L. 1956 (1990 Reenactment) § 39-12-35, allows the PUC to revoke an operating certificate if the company fails to appear at a duly noticed hearing. Additionally, the PUC argues that the failure of the Bay View Towing officers to obey the command of subpoenas justified the PUC's decision to revoke the plaintiff's operating certificate.
Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L. § 42-35-15 (g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision for the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of the evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority et al.v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
Revocation of Operating Certificate
The plaintiff argues that the hearing officer did not have substantial evidence to support her decision. Specifically, plaintiff asserts that because the complaints against the plaintiff were withdrawn and the plaintiff's officers believed the matter had been settled, the hearing officer had no basis to revoke the plaintiff's certificate. Alternatively, the PUC responds that under R.I.G.L. 1956 § 39-12-35, the PUC may revoke an operating certificate if the holder of the certificate fails to appear at a properly noticed hearing.
Section 39-12-35 provides that "For willful or continued failure to comply with orders, rules and regulations, or failure to comply with terms and conditions of any certificate . . . the administrator, after notice and hearing, or after failure to appear at a hearing of which due notice has been given, may suspend or modify or revoke the permit or certificate. . . ." Pursuant to the plain and clear language of the statute, for the administrator to utilize his power to revoke, there must first be a violation of an order, rule or regulation, or failure to comply with terms and conditions of a certificate, and then a hearing regarding same. If at that time, the party fails to attend, the administrator has the power to revoke the certificate. In order for the PUC to invoke § 39-12-35, the plaintiff's failure to appear at the hearing would have to be classified as a violation of an order.
Under § 42-35-1, an order is defined as "the whole or part of a final disposition, whether affirmative or negative, injunctive or declaratory in form, of a contested case." In the instant case, the record indicates that the PUC merely issued a subpoena pursuant to a notice of hearing, not an order. Neither the subpoena nor the notice of hearing qualifies as whole or part of the final disposition of the case. In § 39-12-5 (c), subpoenaed attendance before the commission is classified a "command". As such, the PUC did not yet have the power to revoke the plaintiff's license for failure to appear at the initial hearing.
Investigatory Hearing
Additionally, the plaintiff contends that the PUC's revocation of the plaintiff's license, because the principals failed to appear and thus disregarded the issued subpoenas, was unreasonable and not supported by substantial evidence. Specifically the plaintiff argues that as only plaintiff's counsel attended the investigatory hearing to inform the PUC that the complaints had been withdrawn and the matter had been settled, there was no longer any basis for the hearing, rendering it unnecessary for the plaintiff to attend. The PUC avers that because § 39-4-13 allows a summary investigation initiated by the division, the plaintiff's attendance was still required regardless of the withdrawal of the underlying complaints.
"Under title 39 of the General Laws the Commission has broad powers governing utility regulation." United States v. PublicUtilities Commission, 635 A.2d 1135, 1139 (R.I. 1993). Specifically, § 39-12-35 and 39-4-13 enable the PUC to question witnesses (and the certificate holder) as part of its investigation into allegations of overcharging. R.I.G.L. §39-12-5 (c) further states that "If the person subpoenaed to attend before the division fails to obey the command of the subpoena without reasonable cause . . . the administration may apply to Superior Court of any county . . . for a rule or order. . . ." (emphasis added). The subject investigatory fitness hearing could have been initiated either through Rule 7 of the PUC Rules of Practice and Procedure which governs the procedure for formal complaints filed by an individual, or Rule 8 which governs investigations initiated by the Division sua sponte. If the hearing emanates from Rule 7, Section (d) provides that upon satisfaction of a complaint and notice to the Division, the complaint shall be dismissed.
In the Notice of Hearing issued by the PUC, the investigatory hearing appears to have been initiated through Rule 7 as the complaints were the object of the hearing, and the three complainants were also required to attend. (Notice of Hearing, dated April 1, 1994). These circumstances could have led the plaintiff to conclude that the hearing was conducted pursuant to Rule 7. Plaintiff's witnesses' belief that their attendance was unnecessary because the underlying complaint was satisfied, was therefore reasonable. Consequently, the resulting PUC revocation of the license was clearly erroneous in light of the substantial evidence of record.
Subpoena
The plaintiff further asserts that there is no evidence of record that the subpoenas were ever served. The PUC argues that the plaintiff did not move to quash the subpoenas and could not just refuse to comply with the subpoenas.
A proceeding in the Superior Court to enforce a subpoena, as set forth in § 39-12-5 (c) is a separate action which directs the person subpoenaed to submit to questioning before a Superior Court justice. A subpoenaed party can raise any and all objections only if and when the government seeks enforcement in court. Lopes v. Resolution Trust Corp. 155 F.R.D. 14, 15 (D. R.I. 1994). Administrative subpoenas, even those that threaten criminal penalties are not self-executing. Id. Therefore, the PUC's considering plaintiff in contempt as a basis for revocation prior to the matter's being properly pursued in Superior Court is in excess of the statutory authority of the agency.
After review of the entire record, this Court finds that the sanction imposed by the PUC was clearly erroneous in view of the reliable, probative and substantial evidence of record and that substantial rights of the plaintiff have been prejudiced.
Accordingly, decision vacated.
Counsel shall submit the appropriate judgment for entry.